983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie MARTIN, Defendant-Appellant.
 No. 90-50277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freddie Martin appeals his jury conviction for possession with intent to distribute phencyclidine in violation of 21 U.S.C. § 841(a)(1). Martin contends that the district court erred by denying his motion to suppress the evidence of the narcotics because the bag it was in was seized pursuant to an arrest that lacked probable cause. The government counters that the evidence was recovered following abandonment by Martin, and thus was not seized pursuant to his arrest. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "A determination of abandonment is a factual finding that we review for clear error. Because warrantless searches or seizures of abandoned property do not violate the fourth amendment, persons who voluntarily abandon property lack standing to complain of its search or seizure." United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986) (citations omitted). Abandonment is a question of intent focusing on "whether, through words, acts, or other objective indications, a person has relinquished a reasonable expectation of privacy in the property at the time of the search or seizure." Nordling, 804 F.2d at 1469. An important factor in this consideration is physical relinquishment of the property. Id.
 
 
 4
 Here, two police detectives observed Martin in a Los Angeles bus terminal appearing noticeably nervous as he watched another individual being questioned by themselves and a Drug Enforcement Administration agent. Martin placed a carry-on bag on the ground, walked a short distance away from it, and continued to watch the questioning of the other individual. When the individual was handcuffed by the officers, Martin walked back to the bag, picked it up and began walking hurriedly away from the officers while looking over his shoulder at them. The two officers approached Martin. When one officer displayed his badge, identified himself as a police officer and asked to speak with Martin, Martin threw the bag over a railing to the level below and began to run away. He was immediately apprehended by the officer. The other officer retrieved the bag and opened it, finding what was later confirmed to be phencyclidine.
 
 
 5
 Martin's actions clearly evidenced an intent to abandon the bag containing the evidence he now seeks to suppress. See Nordling, 804 F.2d at 1469. Moreover, Martin concedes that he sought to "disassociate himself from the bag he was carrying." Because Martin's actions were "inconsistent with a continued expectation of privacy in the property," the district court's finding that he abandoned the bag was not clearly erroneous. See id. at 1470. Thus, the district court did not err by denying Martin's motion to suppress. Finally, because the search of the bag occurred following abandonment and not incident to Martin's arrest, we need not determine whether the district court erred in its finding that there was probable cause to arrest Martin.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3